IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY CLARK,

      Plaintiff,

v.                                    Civil Action 2:19-cv-954
                                      Chief Judge Edmund A. Sargus
                                      Magistrate Judge Kimberly A. Jolson

CHILLICOTHE CORRECTIONAL
INSTITUTION, et al.,

      Defendants.

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Defendant Chillicothe Correctional Institution's Motion for Judgment on the Pleadings (Doc. 11) and Plaintiff's Motion for Default Judgment (Doc. 12). For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendant Chillicothe Correctional Institution's Motion for Judgment on the Pleadings and **DENY** Plaintiff's Motion for Default Judgment. Further, counsel for Defendants is **ORDERED** to confer with Plaintiff to assist him in determining the proper address at which Defendant Tisdale can be served.

## I.    BACKGROUND

Plaintiff Terry Clark is a state prisoner currently incarcerated at Ross Correctional Institution. He was previously in the custody of Defendant Chillicothe Correctional Institution ("CCI"). (Doc. 4 at 3). Defendant Ernie Tisdale was a correctional officer at Defendant CCI. (*Id.*). Plaintiff alleges that on December 17, 2018, he was in the custody of Defendant CCI where he "was a victim of a vicious violent attack by Correctional Officer Ernie Tisdale." (*Id.*).

> He [Defendant Tisdale] was assisting another Correctional Officer. When Correctional Officer Ernie Tisdale came in contact with me he grabbed my arm bend it in a direction attempting to break my arm, Then he pressed on the back of my neck and choked me using the wall, The wall was lower then my chin. Last of his attack he pepper sprayed me he was so close to me it went directly in my eyes

> the was terrible. I had the pepper spray on my face so long I started seeing blue with my eyes closed. I was in fear of being blind. Tormented would be a light word to use of the situation. The reason I'm filing this lawsuit is because Correctional Officer Ernie Tisdale used excessive force then covered it up with lying in the reports.

(*Id.*).

The Complaint (Doc. 4) was filed on March 26, 2019. On May 16, 2019, the summons for Defendant Tisdale was returned unexecuted. (*See* Doc. 7). On June 6, 2019, Defendant CCI filed a Motion for Leave to File Answer *Instanter*, Out of Time (Doc. 8), which the Court granted in its June 7, 2019 Order (Doc. 10). Defendant CCI subsequently filed its Motion for Judgment on the Pleadings (Doc. 11). The time to respond to the Motion has passed, and no response has been filed. Defendant CCI's Motion is therefore ripe for resolution. On July 24, 2019, Plaintiff filed a Motion for Default Judgment (Doc. 12), which is addressed below.

## II. DEFENDANT CCI'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 11)

Defendant CCI argues that Plaintiff's claims against Defendant CCI should be dismissed because (1) they are barred by the Eleventh Amendment and (2) Defendant CCI is not a person subject to suit under § 1983.

### A. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law." *Williamson v. Recovery Ltd. P'ship,* No. 2:06-CV-292, 2010 WL 3769136, at *2 (S.D. Ohio Sept. 24, 2010) (citations omitted).

In examining a motion for judgment on the pleadings under Rule 12(c), the Court uses the same standard of review applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mixon v. State of Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). Accordingly, the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop*, 520 F.3d at 519 (internal quotation marks omitted). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B. DISCUSSION**

Plaintiff attempts to bring a § 1983 claim against Defendants. State prisons, like Defendant CCI, are "considered arms-of-the-State for Eleventh Amendment immunity purposes." *Garcia v. Lorain Cty. Court of Common Pleas*, No. 1:18-CV-00944, 2019 WL 1755649, at *4 (N.D. Ohio Apr. 19, 2019) (collecting cases); *see also Shafer v. Ohio Dep't of Rehab. & Corr.*, No. 2:13-CV-00731, 2013 WL 4479197, at *1 (S.D. Ohio Aug. 19, 2013) ("The Magistrate Judge finds that defendants Ohio Department of Rehabilitation and Correction and Southeastern Correctional Institution are arms of the State of Ohio that cannot be sued because the State has sovereign immunity from a suit for money damages under the Eleventh Amendment to the Constitution of the United States."). Defendant CCI is, therefore, immune from suit. Further, Defendant CCI is not a "person" for purposes of § 1983 liability. *See Anderson v. Morgan Cty. Corr. Complex*, No.

15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71 (1989)) ("A state prison is not a 'person' subject to suit under § 1983."). For the foregoing reasons, it is **RECOMMENDED** that Defendant CCI's Motion for Judgment on the Pleadings be **GRANTED**.

### III. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 12)

Plaintiff moves for default judgment because Defendants failed to respond to the Complaint within the time provided under the Rules. (Doc. 12 at 1–2). While Plaintiff recognizes that Defendant CCI filed a Motion for Leave to File Answer *Instanter*, Out of Time, he notes that Defendant CCI's Motion was nine days out of time. (*Id.* at 2). The Court has already granted Defendant CCI's Motion, (*see* Doc. 9), and there is, therefore, no basis for the Court to grant Plaintiff's Motion for Default Judgment as a result. The Undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **DENIED** accordingly.

### IV. DEFENDANT TISDALE

On May 16, 2019, the Summons for Defendant Tisdale was returned unexecuted by Defendant CCI because he was "no longer employed with the Chillicothe Correctional Institution." (Doc. 7 at 1). Counsel for ODRC is **ORDERED** to confer with Plaintiff to assist him in determining the proper address at which Defendant Tisdale can be served. Additionally, Plaintiff is **ORDERED** to submit completed summons and U.S. Marshal Form 285 for Defendant Tisdale by August 26, 2019.

### V. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendant Chillicothe Correctional Institution's Motion for Judgment on the Pleadings (Doc. 11) and **DENY** Plaintiff's Motion for Default Judgment (Doc. 12). Further, for ODRC is **ORDERED** to confer

4

with Plaintiff to assist him in determining the proper address at which Defendant Tisdale can be served. Additionally, Plaintiff is **ORDERED** to submit completed summons and U.S. Marshal Form 285 for the Defendant Tisdale by August 26, 2019. Finally, the Clerk's Office is **DIRECTED** to provide U.S. Marshall Form 285 to Plaintiff.

IT IS SO ORDERED.

Date: July 29, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE