UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY CLARK,

        **Plaintiff,**

v.

        Case No. 2:19-cv-954
        JUDGE EDMUND A. SARGUS, JR.
        Magistrate Judge Kimberly A. Jolson

CHILLICOTHE CORRECTIONAL
INSTITUTION, *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on July 29, 2019 (ECF No. 13). The time for filing objections has passed, and no objections have been filed.[1] Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 13). For the reasons set forth in the Report and Recommendation, Defendant Chillicothe Correctional institution's ("CCI") Motion for Judgment on the Pleadings (ECF No. 11) is **GRANTED** and Plaintiff Terry Clark's ("Plaintiff") Motion for Default Judgment (ECF No. 12) is **DENIED**.

Additionally, the matter is before the Court on Plaintiff's Motion to Amend/Correct the Complaint (ECF No. 19). CCI has responded (ECF No. 20). For the following reasons, the Motion to Amend/Correct the Complaint (ECF No. 19) is **DENIED in part and GRANTED in part.**

---

[1] CCI, in their response to Plaintiff's Motion to Amend/Correct the Complaint, notes that it is possible Plaintiff intends to amend the complaint in order to object to or prevent the Court's granting CCI's motion for judgement on the pleadings. (Def.'s Resp. at 2–3.) This may be improper, *see Harris v. Wells Fargo*, No. 18-2400, 2019 U.S. Dist. LEXIS 141122, at *12 (W.D. Tenn. Feb 19, 2019), but regardless, the Complaint, suing ODRC instead of CCI as amended, would be dismissed for the same reason the Magistrate Judge granted CCI's motion for judgment on the pleadings. *See infra* Section III.A.1–2. Thus, even if the Court were to allow the Complaint to be amended to change defendants the result would be the same. The claims would be dismissed.

**I.**

Plaintiff initiated this action by filing a Complaint on March 26, 2019, bringing a claim under 42 U.S.C. § 1983 alleging excessive force in violation of the Eight Amendment. (Compl., ECF No. 4.) In Plaintiff's Complaint he alleges he "was the victim of a vicious violent attack" by Correctional Officer Tisdale ("Tisdale"). (*Id.* at 3.) Plaintiff explains this attack as:

> [Tisdale] was assisting another Correctional Officer. When [] Tisdale came in contact with me he grabbed my arm [and] ben[t] it in a direction attempting to break [it.] Then he pressed on the back of my neck and choked me using the wall[.] The wall was lower [than] my chin. Last of his attack he pepper sprayed me[.] [H]e was so close to me it went directly in my eyes[.] [This] was terrible. I had the pepper spray on my face so long I started seeing blue with my eyes closed. I was in fear of being blind. Tormented would be a light word to use of the situation.

(*Id.*) Plaintiff's requested relief is to "bring light to the abuse inmates suffer across the United States." (*Id.* at 4.)

A summons was executed as to CCI on June 6, 2019, and CCI answered. (ECF Nos. 5, 9.) On June 11, 2019, CCI moved for judgment on the pleadings, which the Court granted. On July 24, 2019, Plaintiff moved for default judgment against CCI, which the Court denied.

The only remaining Defendant is Correctional Officer Ernie Tisdale ("Tisdale"). The summons as to Tisdale was returned unexecuted on May 16, 2019. (ECF No. 7.) The Magistrate Judge, as part of her Report and Recommendation, ordered CCI to confer with Plaintiff to assist him in determining a proper address at which to serve Tisdale. (R. & R. at 5, ECF No. 13.) Additionally, the Magistrate Judge ordered Plaintiff to complete a summons and U.S. Marshal Form 285 for Tisdale. (*Id.*) CCI filed, under seal, Tisdale's last known address. (ECF No. 16.) To this date, Tisdale has not been served.

On August 28, 2019, while CCI's motion for judgment on the pleadings was pending before this Court, Plaintiff filed a motion to amend/correct the Complaint. (Mot. Am./Correct Compl., ECF No. 19, hereinafter "Mot. Am.") CCI filed a Response in Opposition. (Resp. Opp'n,

ECF No. 20, hereinafter "Resp.") Plaintiff's stated reason for an amendment is "to properly file and to meet the guidelines to comply with Court filing requirements." (Mot. Am. at 1.)

Plaintiff's proposed complaint is similar to the original complaint. The proposed amended complaint differs in that: (1) Plaintiff replaces CCI with the Ohio Department of Rehabilitation and Correction ("ODRC") and the Chillicothe Correctional Institution's Warden ("Warden"); and (2) Plaintiff includes monetary damages for "[e]motion[,] [d]uress, pain[,] and suffering" in his relief sought. (Mot. Am. at 4–6.)

## II.

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). A party can amend their pleading once "as a matter of course" within "21 days after serving it" or if the pleading requires a response, "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. Pro. 15(a)(1). After this time has passed, a party may amend its pleading only with the opposing party's consent or by leave of court. *Id.* at 15(a)(2). "[L]eave shall be freely given when justice so requires." *Id.* Here, the time has passed for an amendment as a matter of course and Defendants have not consented to the amendment. Thus, Plaintiff must obtain leave of this Court.

"A court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cty*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Importantly, in interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments

to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

### III.

Plaintiff's motion to amend includes an amendment to the defendants in the case and an amendment to the relief sought.

#### A. Amendment to Add Defendants ODRC and Warden

CCI argues an amendment to add these two defendants is futile. CCI argues ODRC cannot be sued because of the Eleventh Amendment and Warden cannot be sued because under § 1983 state actors cannot be sued in their official capacities for damages and § 1983 does not recognize liability for respondeat superior. (Resp. at 4–5.)

##### 1. Adding Defendant ODRC

The Eleventh Amendment provides immunity for states from suits brought in federal court. *Welch v. Texas Dep't of Highways & Publ. Transp.*, 483 U.S. 468 (1987); *Lutz v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-cv-877, 2010 U.S. Dist. LEXIS 125374, at *6 (S.D. Ohio Nov. 29, 2010). States can waive immunity, however, Ohio has not waived its Eleventh Amendment immunity in a case brought under § 1983. *Id.*; *Wolfel v. Morris*, 972 F.3d 712, 718 (6th Cir. 1992.) Additionally, Congress did not disturb the states' Eleventh Amendment immunity when it passed § 1983. *Id.*; *Wolfel*, 972 F.3d at 718. "Therefore, a state is not a 'person' subject to suit under § 1983. *Id.*; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–71 (1989). Eleventh Amendment immunity bars suits against the state and state departments whether they are for injunctive or monetary relief. *Cox v. Kentucky*, 53 F.3d 146, 152 n.2 (6th Cir. 1995).

"It is well settled that sovereign immunity applies to 'state agents and instrumentalities," like ODRC." *Lutz*, 2010 U.S. Dist. LEXIS at *6 (citing *Beil v. Lake Erie Corr. Records Dep't*,

282 F. App'x 363, 366 (6th Cir. 2008)); *Rome v. Ohio Dep't Rehab. & Corr.*, No. 1:05CV629, 2005 U.S. Dist. LEXIS 48837, at *5 (S.D. Ohio Dec. 16, 2005) ("The ODRC is a state agency and therefore immune from a suit for damages under the Eleventh Amendment."). ODRC has immunity under the Eleventh Amendment and thus, an amendment to include ODRC as a defendant would be futile. Plaintiff's motion to amend in order to add ODRC is DENIED.

### 2. Adding Defendant Warden

It is not clear whether Plaintiff aims to sue Warden in his official or personal capacity. Construing the Complaint liberally, as Plaintiff is pro se, the Court will consider both. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (courts are called to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys").

A suit against a state official in his or her official capacity for damages cannot be maintained pursuant to § 1983 because that official has Eleventh Amendment immunity. *Wolfel*, 972 F.3d at 719. This is true because "a suit against a state official in her or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.* at 719. As such, a suit against a state official in his or her official capacity is no different than a suit against the state. *Id.*

Warden is an Ohio state official. Suing Warden in his official capacity for money damages, as Plaintiff seeks to do under the amended Complaint, is futile because this is equivalent to a suit against a state which is barred by the Eleventh Amendment. *Wolfel*, 972 F.3d at 719.

In suing a defendant in its personal capacity, "[a] plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him." *Balderson v. Mohr*, No. 212-cv-00235, 2012 U.S. Dist. LEXIS 60657, at *2 (S.D. Ohio May 1, 2012); *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Respondeat

superior is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981). A supervisor is not liable unless they "encouraged or somehow participated in the actionable events. *Balderson*, 2012 U.S. Dist. LEXIS 60657 at *2. There is no liability under 42 U.S.C. § 1983 for 'mere failure to act.'" *Id.* (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff does not include Warden in his statement of the facts. Plaintiff does not plead any allegations which would suffice to hold Warden liable. There are no facts that Warden participated in the events, and thus, Plaintiff appears to intend to rely on supervisory liability. Supervisory liability, however, is not a basis for liability. *Polk Co.*, 454 U.S. at 325.

Thus, amending the Complaint to add Warden as a defendant in either his official or personal capacity would be futile. The motion to amend to add Warden is DENIED.

## B. Amendment to Add Monetary Damages to Relief Sought

CCI argues that the amendment to include that Plaintiff seeks monetary damages is futile. The amendment is futile if the complaint, as amended, cannot survive a motion to dismiss. *Miller*, 408 F.3d at 817. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under Section 1983, a plaintiff must allege: (1) conduct by an individual acting under color of state law; and (2) deprivation of rights secured by the Constitution or laws of the United States. *Day v. Wayne Cty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

The Complaint, as amended, alleges conduct by Tisdale. (Am. Compl. at 3 ("Tisdale came in contact with me [and] grabbed by [a]rm [and] ben[t] it in a direction attempting to

break" it).) The Amended Complaint also alleges Tisdale was acting under color of state law. (*Id.* ([Tisdale] was assisting another correction officer when [Tisdale] came into contact with me").) Finally, the Complaint alleges a violation of the Eight Amendment, through the use of excessive force. (*Id.* ([Tisdale] used excessive force).) Thus, the Court is unable say that the Complaint, as amended, cannot survive a motion to dismiss. As such, the motion to amend to include monetary damages is GRANTED.

### IV.

The Court **ADOPTS** the Report and Recommendation (ECF No. 13). CCI's Motion for Judgment on the Pleadings (ECF No. 11) is **GRANTED** and Plaintiff's Motion for Default Judgment is **DENIED**. Additionally, for the foregoing reasons, Plaintiff's Motion to Amend/Correct the Complaint (ECF No. 19) is **DENIED in part and GRANTED in part**.

**IT IS SO ORDERED.**

3-13-2020

**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**