IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY CLARK,**

    **Plaintiff,**

  v.                               Civil Action 2:19-cv-954
                                     Judge Edmund A. Sargus
                                     Magistrate Judge Kimberly A. Jolson

**CHILLICOTHE CORRECTIONAL
INSTITUTION, et al.,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

    This matter is before the Court on the February 10, 2021, Show Cause Order. (Doc. 38). For the following reasons, the Undersigned **RECOMMENDS** this case be **DISMISSED** for failure to prosecute.

**I.    BACKGROUND**

    Plaintiff Terry Clark, a state prisoner currently incarcerated at Ross Correctional Institution, filed the instant action on March 26, 2019. (Doc. 4). Plaintiff was previously in the custody of Defendant Chillicothe Correctional Institution ("CCI"). (*Id*. at 3). Defendant Ernie Tisdale was a correctional officer previously employed by CCI. (*Id*.). Plaintiff alleges that on December 17, 2018, while in the custody of Defendant CCI he "was a victim of a vicious violent attack by Correctional Officer Ernie Tisdale." (*Id*.).

    On March 13, 2020, the Court adopted the Undersigned's Report and Recommendation (Doc. 13) granting Defendant CCI's Motion for Judgement on the Pleading (Doc. 11) and denying Plaintiff's Motion for Default Judgment (Doc. 12). (*See* Doc. 25). As a result, CCI was dismissed

from the case. (*Id.*). In that Order, the Court also granted in part and denied in part Plaintiff's Motion to Amend/Correct the Complaint (Doc. 19). (*Id.* at 2–7). The Court denied amendment to add Department of Rehabilitation and Correction ("DRC") and CCI Warden as Defendants but granted amendment to include monetary damages against Defendant Tisdale. (*Id.*). Notably, in contravention of this Order, Plaintiff improperly included these Defendants in his Amended Complaint. (*See* Doc. 31). Shortly thereafter, Plaintiff again moved for default judgment (Doc. 32), which the Court again denied. (*See* Docs. 34, 35). There, the Court noted that the sole remaining Defendant—Ernie Tisdale—had yet to be served and ordered Plaintiff to file completed copies of the documents necessary to effect service of process within fourteen (14) days. (*See* Doc. 34). For almost six months thereafter, Plaintiff did not do anything to prosecute this case.

Most recently, on February 10, 2021, the Undersigned ordered Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute and why an extension of time to effect service of process on Defendant Tisdale should be allowed. (*See* Doc. 38). As of the date of this Report and Recommendation, Plaintiff still has not filed anything with the Court.

II.  **DISCUSSION**

Given Plaintiff's prolonged failure to comply with the Show Cause Order (Doc. 38), dismissal of this matter for failure to prosecute is appropriate. The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." The measure is available to the Court "as a tool to effect management

2

of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Plaintiff's participation in this case has slowed to a halt. After being sent the documents necessary to effect service of process on August 25, 2020, Plaintiff took no steps to effect service of process on the sole remaining Defendant in this case. (*See* Doc. 34). Thereafter, he failed to show cause as to why this case should not be dismissed for want of prosecution. (*See* Doc. 38). Importantly, Plaintiff has been afforded over six months to comply with these orders, or to show cause otherwise. Additionally, this is not the only instance of "delay or contumacious conduct." As detailed above, Plaintiff directly disobeyed the Court's order by improperly including DRC and CCI Warden as Defendants in his Amended Complaint. (*See* Doc. 31; *see also* Doc. 25 at 5–6 (denying amendment because adding DRC and CCI Warden as defendants would be futile)).

In view of the foregoing, the Undersigned concludes that Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk

3

of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** this case be **DISMISSED** for want of prosecution.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 16, 2021         /s/ Kimberly A. Jolson
                             KIMBERLY A. JOLSON
                             UNITED STATES MAGISTRATE JUDGE